VITOUS, APPELLANT, *v.* VITOUS ET AL., APPELLEES.

[Cite as Vitous v. Vitous, 9 Ohio App. 2d 302.]

(No. 28161—Decided March 9, 1967.)

*Mr. Ned L. Mann* and *Mr. John T. Feighan,* for appellant.
*Messrs. Rippner, Schwartz, Carlin & Weiss* and *Messrs. Lustig, Icove & Lustig,* for appellees.

SKEEL, J. This appeal comes to this court on questions of law from a judgment of the Probate Court of Cuyahoga County interpreting paragraphs two and three of the last will and testament of Jerry Vitous. The court held that each of the deceased's two children should receive one-half of the residuum of the estsate.

The two paragraphs that are in question read as follows:

"Item II.

"I give, devise and bequeath to my son, Donald Vitous, the sum of one thousand ($1,000.00) absolutely.

"Item III.

"The rest, residue and remainder of my estate of whatsoever nature, which I may own or hereafter acquire, I give, devise and bequeath to my beloved daughter, Shirley Vitous, if living; otherwise in eaual shares to the issue of her body;

and to my son, Donald Vitous, if living; otherwise to the issue of his body.

"For the express direction and guidance of my executor, in the event my beloved daughter, Shirley Vitous, dies without issue surviving her, then my entire estate, of whatsoever nature and description, I give, devise and bequeath to my son, Donald Vitous, absolutely."

The executor of the estate concluded on considering Item III of the will that if Shirley Vitous was living (with or without issue) at the time of the death of her father (the testator) she would be entitled to receive all the rest and residue of the testator's estate after paying his son, Donald Vitous, the specific legacy, as provided by "Item II," of one thousand dollars. The estate's assets were thus distributed, and the estate closed on that basis.

When Shirley Vitous thereafter attempted to sell a parcel of real estate received by her under the residuary provisions of the will, a question was raised by the abstract company as to whether Item III of the will should be interpreted to mean that each of the children, Shirley and Donald, was to divide the residuary assets of the estate equally.

As indicated, the Probate Court held, after considering this question presented by a petition for a declaratory judgment filed after the estate was reopened to reconsider the rights of the children to the residuum of the estate, that each child, under Item III, was entitled to one-half of the residuum of the estate. The court based this conclusion on two grounds. First, the construction of Item III, holding that its meaning was or its construction should be that the residual assets of the estate should be divided equally between Donald and Shirley Vitous and, second, that the claim of the appellant (Shirley Vitous) that Donald Vitous was estopped to deny the conclusion of the executor that Shirley Vitous was entitled to the residuum to the exclusion of Donald on the ground of laches, estoppel or ratification was not well taken. This claim was correctly decided in favor of the appellee (Donald Vitous) so that we will give attention to the question of the proper construction of Item III of the will. The claim that is stressed by the appellee is that where the provisions of a will require construction or, as is stated by appellee, quoting from *Ufferman* v. *Fry*, 32 Ohio

304

Law Abs. 681, "where the language of a will is susceptible of two constructions, that construction is favored which will place upon equality those devisees who are equally natural objects of the bounty of the testator." It thereupon is argued that, since Donald and Shirley are brother and sister, and there is a claim that the provisions of the will are ambiguous, and since its provisions are susceptible of a construction that each child should share equally under Item III, such construction should be adopted.

This conclusion is erroneous for four reasons. First, the provisions of Item III are not subject to such construction. Second, as shown by the record, the assets of the decedent's estate were returned to him by his divorced wife for the express purpose of being willed to his daughter, Shirley, as shown by the uncontradicted testimony of Shirley's mother (decedent's divorced wife) and the will in question showing conclusively that it was executed to carry out such purpose. Third, the testator gave, by Item II of the will, one thousand dollars to Donald without a corresponding gift to Shirley. And, fourth, the two children did not stand equally in a postion of need for support from the deceased. Donald was 29 years old when the will was executed and was then about to be married. Shirley was 14. The deceased not only was legally charged with her support during her minority but also with her education. These facts as to the status of both children would justify a testator in dealing with each child to regard their respective needs for his financial consideration.

Moreover, the will is not subject to the construction (by the test of Item III) that the testator intended each child should share equally in the residuary estate. There are three main clauses in the first sentence of Item III. The semicolon that follows at the end of the first clause, because of the text of this and the second main clause, must be treated as a period. This (the first main clause) provides: "The rest and remainder of my estate of whatsoever nature * * * I give, devise and bequeath to my beloved daughter, Shirley Vitous, if living; * * *" This clause is in fact a complete sentence and should be so considered in the light of the substance of the second and third main clauses. Shirley was in fact living on the day of the testator's death and was, therefore, entitled to receive the assets of the residuary estate, as was concluded by the executor in

making final distribution. This position is supported by the first word of the second main clause, that is, the word, "otherwise," meaning that, unless Shirley is alive to take under the first main clause, then if she is survived at the death of the testator by "issue of her body," such issue as a group and Donald, if living, are to share the residuary estate equally; but if Donald is then deceased and is survived by issue of his body, then under the second main clause the issue of Shirley as a group are under the third main clause the issue of Donald as a group are to share the residuum of the estate equally, that is, equally as between each group. The second sentence of Item III, providing for the event that if Shirley predecease the testator without issue, then the residuary estate shall pass to Donald, need not be considered.

It is the order of this court, therefore, that the judgment of the Probate Court, approving the report of the referee, which holds that the interpretation to be applied to Item III requires the executor to make equal distribution of the residuary assets of the estate of Jerry Vitous equally between Donald Vitous and Shirley Vitous, is reversed and final judgment is entered affirming the distribution as first made by the executor and the cause is remanded to the Probate Court to carry this judgment into effect.

*Judgment accordingly.*

CORRIGAN, P. J., SILBERT, J., concur.